**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TCYK, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-6654 |
| ) | |
| DOE, subscriber assigned ) | |
| IP Address 67.184.226.73 ) | |
| (Formerly Doe No. 56), ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO QUASH SUBPOENA**

Pursuant to Fed. R. Civ. P. 46, putative Defendant DOE, subscriber assigned IP Address 67.184.226.73 (Formerly Doe No. 56), hereby respectfully submits this Memorandum of Law in Support of his Motion to Quash Subpoena.

**I.    INTRODUCTION**

DOE, subscriber assigned IP Address 67.184.226.73 ("Doe 56") received a letter dated October 21, 2013 notifying him of the TCYK, LLC subpoena issued in this case pursuant to this Court's Order of October 2, 2013. As Doe 56 was not aware of this litigation at the time of the Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference, and thus had no occasion to object, he now moves pursuant to Rule 46 to oppose the motion and vacate or modify the ensuing Order. Doe 56 contends that Plaintiff should not have been granted leave to subpoena the ISP because the technology presented by Plaintiff in support of the contention that the referenced IP address belongs to a particular copyright violator has been held unreliable by Judge Baker of the Central District of Illinois, among other federal court judges. *See **VPR***

*Internationale v. Does 1-1017*, 2011 WL 8179128 at *2; *see also* **In re BitTorrent Adult Film Copyright Infringement Cases**, 2012 WL 1570765 at *4-5.

## II. ARGUMENT

### A. Identification By IP Address is Unreliable and Will Subject Defendant to Undue Harm

Fed.R.Civ.P. 26(d) provides that "except in categories exempted from initial disclosure[s] ... or when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." A party seeking expedited discovery has the burden to show good cause for the departure. *Alternative Energy Solutions, Ltd. v. Chico*, 2011 WL 3880439 (N.D. Ind. Sept. 2, 2011). Due to the nature of IP addresses and BitTorrent, Plaintiff does not have good cause to subpoena the information requested.

In *VPR Internationale v. Does 1-1,017*, a copyright holder sought expedited discovery in order to obtain the identities of subscribers linked to IP addresses. 2011 WL 8179128 (C.D. Ill. Apr. 29, 2011). The Court rejected the request, and the plaintiff sought reconsideration and certification for interlocutory review. *Id.* Judge Baker denied all requests, finding that the IP address method of discovery is too tenuous, the potential harm too great, and that absent service on at least one defendant, the Court lacked personal jurisdiction over any and could not and would not order expedited discovery. *Id.*

The court noted that "[t]he infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given

2

moment." *Id.* at *2. Additionally, the court recognized that "whether you're guilty or not, 'you look like a suspect.'" *Id.* Ultimately, Judge Baker concluded:

> "Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong? The embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether VPR has competent evidence to prove its case. In its order denying the motion for expedited discovery, the court noted that until at least one person is served, the court lacks personal jurisdiction over anyone. The court has no jurisdiction over any of the Does at this time; the imprimatur of this court will not be used to advance a 'fishing expedition by means of a perversion of the purpose and intent' of class actions.'"
> *Id.*

The U.S. District Court for the Eastern District of New York rejected expedited subpoenas on similar reasoning. In ***In re BitTorrent Adult Film Copyright Infringement Cases***, the court reasoned:

> "In order to allow multiple computers to access the internet under the same IP address, the cable modem may be connected to a router, or may itself function as a router, which serves as a gateway through which multiple computers could access the internet at the same time under the same IP address. The router could be a wireless device in which case, computers located within 300 feet of the wireless router signal could access the internet through the router and modem under the same IP address. The wireless router signal strength could be increased beyond 600 feet if additional devices are added. The only way to prevent sharing of the wireless router is to encrypt the signal and even then an individual can bypass this security using publicly available software. Some of these IP addresses could belong to businesses or entities which provide access to its employees, customers and sometimes (such as is common in libraries or coffee shops) members of the public." 2012 WL 1570765 at *3-4.

The court also found it particularly troublesome that plaintiff's counsel in a similar case admitted that perhaps 30% of identified subscribers are not actual infringers. *Id.* (citing *Digital Sin, Inc. v. Does 1–176*, 279 F.R.D. 239, 2012 WL 263491 at *3 (S.D.N.Y. Jan.30, 2012)). Due to the unreliability of the IP address identification and the probable, if not certain, prospect of unfair litigation tactics pressuring identified subscribers into large settlements, the court refused to allow the requested discovery. *Id.* at *4-5.

In a subsequent case, the U.S. District Court for the Eastern District of New York followed Judge Brown's finding in *In re BitTorrent Adult Film Copyright Infringement Cases* that an "IP address is insufficient to establish a 'reasonable likelihood [that] it will lead to the identity of defendants who could be sued.'" *Patrick Collins, Inc. v. Doe,* 288 F.R.D 233, 237 (E.D.N.Y. Nov. 20, 2012) (*citing In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765 at *7). The court continued, "an IP address only points to the internet account in question, and 'as a result, a single IP address usually support multiple computer devices – which unlike traditional telephones can be operated simultaneously by different individuals." *Id. (citing In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765 at *3). "If the court were to hold internet account holders responsible for any interlopers and guests who might infringe on the Plaintiff's work, the Court would essentially be imposing a duty that every home internet user vigilantly guard their wireless network. The Court declines to impose such a duty." *Id.* at 238.

The court cites *Arista Records LLC v. Does 1-19*, as supporting Plaintiff's establishment of "good cause" for serving a third party subpoena on the ISP in advance of a Rule 26(f) Conference; however, *Arista Records* is distinguishable from the case at bar. The court in *In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765 at *8 stated well:

4

> In this regard, the instant matter is factually distinguishable from the *Arista Records* decision. In that case, the sought after discovery involved an Internet service provider located at a university. Based on that setting, and at that time, it was almost certain that the end user at an IP address was a particular individual, rather than a wireless network. The instant case involves broadband Internet service in a largely residential suburban area at a time when wireless is widely available. Furthermore, it is alleged that each John Doe in the instant case downloaded only a single pornographic film. By contrast, in *Arista Records*, the plaintiff alleged that a file sharing folder located at the IP address in question contained 236 audio files, containing at least a half-dozen copyrighted songs owned by the plaintiff. *Arista Records*, 604 F.3d at 122. In fact, in that case, plaintiffs' investigator was able to "download[] music files from the user's computer," which is not the case here. *Arista Records LLC v. Does 1-16*, 2009 U.S. Dist. LEXIS 12159, 2009 WL 414060, at *1 (N.D.N.Y. Feb. 18, 2009) *aff'd* 604 F.3d 110 (2d Cir. 2010). Clearly, the level of activity in *Arista Records* made it far more likely that the subscriber to the IP address would have conducted or at least been aware of the illegal downloading. In sum, it is not clear that plaintiffs have satisfied this factor. 2012 U.S. Dist. LEXIS 61447, 23-24 (E.D.N.Y. May 1, 2012).

Similarly here, the instant case involves broadband internet service, in which the end user is likely a wireless network, and thus the likelihood of interlopers on the wireless network is substantial. The technology of using IP addresses to identify file sharing is incapable of accurately identifying a specific user of an IP address. Rather, the technology is only capable of identifying a specific IP address, which, as discussed above, is readily capable of being hacked into by anyone with a moderate degree of computer knowledge. Thus, because of the unreliability of the technology presented by Plaintiff in support of the contention that the referenced IP address belongs to a particular copyright violator, the discovery propounded by the plaintiff does not establish a reasonable likelihood it will lead to the identity of defendants who could be sued. Thus, Defendant Doe 56 respectfully moves this Court to follow ***VPR Internationale*** and ***In re BitTorrent Adult Film Copyright Infringement Cases***, and QUASH all subpoenas issued pursuant to the Order of October 2, 2013.

5

### B.  Doe 56 Should Be Permitted to Proceed Under Pseudonym

In the alternative, Defendant Doe 56 requests that the Court allow him to remain anonymous and proceed under pseudonym through the initial stage of the litigation.  Due to the unreliable system of identification inherent in IP addresses, there is a strong potential that the account holder, an innocent bystander, will be unduly prejudiced by being named in a copyright suit.

Generally, parties must litigate in their own name in order to facilitate the openness of judicial proceedings.  *See Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004).  The Seventh Circuit, however, has noted that the presumption may be rebutted by showing that the harm of naming the party exceeds the likely harm from concealment.  *Id.*  A party may proceed under pseudonym where necessary "to protect a person from harassment, injury, ridicule or personal embarrassment." *United States v. Doe*, 655 F.2d 920, 922 n. 1 (9th Cir.1981).

Judge Virginia M. Kendall recognized the potential for public embarrassment in *Malibu Media, LLC v. Reynolds*. 12 C 6672, 2013 WL 870618 (N.D. Ill. Mar. 7, 2013).  She determined that the uncertainties of IP address identification and potential embarrassment outweighed any potential prejudice to the copyright holder in proceeding anonymously through the resolution of dispositive motions.  *Id.*

The same logic holds true here.  Prior to being publicly named in a copyright suit, there should be at least some showing that the account holder was actually the alleged infringer.  This concern can be alleviated by allowing Doe 56 to proceed anonymously during the early portion of the litigation.

## III.  CONCLUSION

      For the foregoing reasons, Doe 56 respectfully requests that this Honorable Court GRANT his Motion, and enter an Order VACATING the October 2, 2013 order, and thereby QUASH any subpoena issued pursuant to the Order, or in the alternative that the Court allow Doe 56 to proceed anonymously under pseudonym up to and until the completion of dispositive motions, and for such other relief as is just and proper.

                Defendant DOE, subscriber assigned IP Address 67.184.226.73 (Formerly Doe No. 56),

                By:        *s/Peter R. Jennetten*
                          Peter R. Jennetten
                QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO

Peter R. Jennetten (Illinois Bar No. 6237377)
QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO
227 N.E. Jefferson Ave.
Peoria, IL  61602-1211
Telephone:  (309) 674-1133
Facsimile:  (309) 674-6503
E-mail: pjennetten@qjhpc.com

**CERTIFICATE OF SERVICE**

I hereby certify that on **November 20, 2013**, I electronically filed this **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH SUBPOENA** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

>Michael A. Hierl                                                     ***Attorneys for Plaintiffs***
>Todd S. Parkhurst
>Hughes Socol Piers Resnick & Dym, Ltd.
>Three First National Plaza
>70 W. Madison St.
>Suite 4000
>Chicago, IL 60602
>Email: mhierl@hsplegal.com
>Email: tparkhurst@hsplegal.com

And I hereby certify that on **November 20, 2013**, I mailed a copy of this document by United States Postal Service to the following non-registered participant:

>Comcast Corporation
>Legal Demands Center
>650 Centerton Rd.
>Moorestown, NJ 08057

>*s/Peter R. Jennetten*
>Peter R. Jennetten (Illinois Bar No. 6237377)
>QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO
>227 N.E. Jefferson Ave.
>Peoria, IL 61602-1211
>Telephone: (309) 674-1133
>Facsimile: (309) 674-6503
>E-mail: pjennetten@qjhpc.com